Ferdinand v Siegel (2025 NY Slip Op 01608)

Ferdinand v Siegel

2025 NY Slip Op 01608

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
LAURENCE L. LOVE, JJ.

2021-05575
 (Index No. 617724/17)

[*1]David Ferdinand, et al., appellants, 
v
Philip J. Siegel, etc., et al., respondents.

Law Offices of Harry C. Demiris, Jr., P.C., Westbury, NY, for appellants.
L'Abbate, Balkan, Colavita & Contini, LLP, Melville, NY (William T. McCaffery of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for tortious interference with contract, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (David T. Reilly, J.), entered July 13, 2021. The judgment, insofar as appealed from, upon an order of the same court dated June 14, 2021, among other things, granting that branch of the defendants' motion which was for summary judgment dismissing the first cause of action, is in favor of the defendants and against the plaintiffs dismissing that cause of action. The notice of appeal from the order is deemed to be a notice of appeal from the judgment (see CPLR 5512[a]).
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In September 2017, the plaintiffs commenced this action, inter alia, to recover damages for tortious interference with contract. The plaintiffs alleged, among other things, that the defendants had interfered with contracts between the plaintiffs and their customers by sending those customers a letter in connection with a prior action commenced by the plaintiffs against, among others, Edward Hogan and Melissa Hogan (hereinafter together the Hogans), who were represented in that action by the defendants. In the prior action, the plaintiffs alleged, inter alia, that the Hogans breached a noncompetition agreement following the sale of the Hogans' company used to operate a business, E.D.S. Exhaust and Duct Services, Inc., to the plaintiff David Ferdinand and his wife. In this action, the plaintiffs alleged that the letter disseminated by the defendants to the plaintiffs' customers denied that the Hogans had sold their business to Ferdinand and that the letter induced breaches of the plaintiffs' contracts with those customers.
Thereafter, the defendants moved, inter alia, for summary judgment dismissing the first cause of action, alleging tortious interference with contract. In an order dated June 14, 2021, the Supreme Court, among other things, granted that branch of the defendants' motion. In a judgment entered July 13, 2021, the court, inter alia, dismissed that cause of action. The plaintiffs appeal.
The elements of a cause of action alleging tortious interference with contract are: "the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without [*2]justification, actual breach of the contract, and damages resulting therefrom" (Lama Holding Co. v Smith Barney Inc, 88 NY2d 413, 424; see City RE Group, LLC v 2633 Ocean Realty, LLC, 221 AD3d 653, 653). Here, the defendants established, prima facie, that they did not intentionally procure any breach of a specifically identified valid contract between the plaintiffs and their customers (see Meraki NYC, LLC v Iervasi, 221 AD3d 887, 888). In opposition to the defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action.
CHAMBERS, J.P., WOOTEN, VENTURA and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court